Wheelbe, J.
In the view of the case we have taken it will not become necessary to examine particularly all the various rulings of the court presented by the record, but those only will be considered which it is deemed may be material to the present disposition and ultimate decision of the case. It is not necessary to revise the ruling presented by the first bill of exceptions. The defendant had admitted the execution of the plaintiff’s bill of sale. It had been thereupon admitted in evidence. Whether it was such an instrument as was required or permitted by law to be recorded, and was therefore admissible *36 by virtue of the recording under the statute, without the necessity of proving its execution, was not material.
The act to prevent frauds and fraudulent conveyances (Hart. Dig., p. S35) does contemplate the recording of bills of sale of slaves for certain purposes, and this therefore was such an instrument as is permitted by law to be recorded and as comes within tiie provision of tiie statute respecting tiie proof of recorded instruments. (Hart. Dig., art. 745.) If, therefore, tiie bill of sale had been excluded, the ruling would have been necessarily the subject of revision ; but as it was admitted in evidence, it is not perceived that the ruling could have prejudiced the plaintiff’s case or that it was at all material.
The instrument embraced in the second bill of exceptions, whatever may have been its legal effect, whether a conditional sale or a mortgage, was rightly admitted in evidence, without other proof of its execution than that afforded by its having been duly recorded.
But it is now insisted that it was not admissible under tiie pleadings, there being, it is said, no averment of title in the defendant. This, however, is a misapprehension of the fact as presented by the record. The fourth plea, being one of those upon which tiie case was tried, and to tiie legal sufficiency of which no exception was taken, does contain the distinct averment that the ownership of tiie property the subject of tiie alleged trespass was in tiie defendant. Under this plea the evidence was admissible.
The ruling of the court iii admitting the testimony contained in the third bill of exceptions presents a graver question ; that is, whether it was competent for the defendant to prove that in the taking of tiie property lie acted under the well-grounded belief that the plaintiffs were about to place it beyond tiie reach of legal process, and to put it out of their power to comply with the condition of their bond, given to replevy the property.
The defendant had invoked tiie aid of legal process to recover of tiie now plaintiffs this property, and they had exercised their legal right of re-plevying the property. This unquestionably gave them tiie legal custody and possession of it for the purposes of that suit and as between tiie parties to it. It follows that the defendant had no right during the pendency of the suit to disturb that possession.
A sequestration is a judicial deposit. (6 La. R., 542.) It is a conservatory act, which does not affect the question of title; but tiie possession under i(, as to that suit and tiie parties to it, is a legal possession. So it is held that property levied on remains during the pendency of tiie levy in the custody of tiie law. And where slaves levied by an execution from a State court were claimed by a third party, who gave bond to try the title and for the forthcoming of tiie slaves, the Supreme Court of the United States held that tiie property was not subject to another execution in the hands of a Federal officer. (10 Pet. R., 400.) Whatever right of recaption may have appertained to the party previously by the institution of legal proceedings, such right, if it ever existed, was abandoned. Having appealed to tiie arbitrament of the law, he was bound to abide its decision ; and any attempt, under whatever pretense, to anticipate or forestall that decision by bis own unauthorized tortious act, was a violation of the law and iiis duty. It could admit of no legal justification or excuse.
If the evidence offered were admissible in any conceivable aspect in which it may be viewed, it could only be in explanation of the motive with which tiie trespass was committed, and, in answer to a claim for vindictive or exemplary damages, where the, motive of tiie party becomes a proper subject of inquiry, to show that the defendant was not actuated by a malicious or-lawless spirit; but its admission even for this purpose would be of dangerous consequence. It would be to permit a party to palliate acts of lawless violence, tending to a breaeii of the peace, by showing that lie did not intend tiie natural and [jrobable consequences of his own acts. But for these tiie law holds everyone responsible. Tiie wrong-doer is responsible for all the consequences which flow immediately from his wrongful acts, and this rule is the same in *37 civil as in criminal cases. (9 Port. R.. 336.) Here, Hiere was a willful and deliberate trespass, committed under circunislanees tending manifestly to a breach of the peace, and it was not, it is conceived, admissible to show the motive of tlie party, even in extenuation or mitigation of damages. Had there not been a preconceived purpose and deliberate intention to commit the act, and, as appears, at the hazard of a breach of the peace, it might have been otherwise; but where parties thus appeal to force, regardless of the law and order of society, their acts, and not what might have been their motives, must give character to the transaction in which they stand implicated.
But whatever opinion may be entertained as to the admissibility of the testimony we have been considering for the purpose: of showing the motive which actuated the party at the time, it is clear that it could have been admissible for ho other purpose, and there is no purpose for which the testimony contained in the fourth bill of exceptions could have, been legally admissible. Its object, was to show the lawless conduct of the plaintiffs in possessing themselves of the property and removing it off in 1845 before the institution of the suit for its recovery. But however their conduct in that Instance may be characterized as lawless or even felonious, still it could have no effect to justify or palliate a subsequent trespass by the defendant after having resorted to legal process and obtained the security which the law provides. 'That would be to set-off or palliate one tortious act by another.
We are unable to perceive any purpose for which tills testimony could have been legally admissible, and that it was calculated materially to inlluence the finding of the jury cannot admit of a doubt.
The introduction in evidence of the verdict shown by the fifth bill of exceptions ivas objected to in the court below upon three distinct grounds,'but one of which is now relied on, and that lias been in effect disposed of in considering tlie second exception. But it is now insisted that the verdict was not evidence without tlie production of a judgment upon it.
This objection to the admissibility of the evidence is not, we think, maintainable. Tlie introduction of a part of the record by tile plaintiffs entitled tlie defendant to introduce the whole record. Besides, it lias been held tiiat where tlie court is asked, as in this instance, to reject evidence for a cause to which it is not obnoxious, all other objections may be presumed to have been waived. (9 Port. R., 67.) As a general rule, it lias been said tlie superior court, in reviewing the decision of the inferior court in admitting evidence, will confine itself to tlie specific objection raised in tlie court below. (11 Wheat. R., 199; 6 Cond. R., 270.)
But tlie admissibility of evidence and its legal effect are different questions. And the refusal to give the instruction asked was the expression of an opinion as to tlie legal effect of tlie evidence tlie correctness of which may well be doubted. Conflicting opinions as to the effect of a verdict as evidence, without the judgment, have been- entertained, and tlie question lias not been considered free from doubt. (2 Bibb R., 50, 60.) But tlie better opinion would seem to be tiiat without the judgment the verdict is not evidence of the facts found by it. (Ib.; 1 Phil. Ev., 389, and n. 729.)
It lias been made and may again become a question whether it was competent for the defendant to prove title in himself to the property in controversy. Upon the trial the court ruled, botli in the admission of evidence .and in instructions to tlie jury, and we think rightly, tiiat tlie question of title as between the parties was the proper subject of inquiry in order to estimate tlie damages. Tlie objection that tlie evidence was not admissible, under the general issue, and the authorities cited to show tiiat matter in justification or excuse must be pleaded, are answered by the fact before noticed that title in tlie defendant was pleaded.
The jury found the defendant gniity*of the alleged trespass. They could not have dono'Otherwise under the evidence.
Note 10 —Manly v. Culver, 20 T., 143.
Note 11.—Davenport v. Lackie, 8 T., 351; Hubert v. Bartlett, 9 T., 97; Leach v. Millard, 9 T., 651; Norton v. Mitchell 13 T., 47; George v. Lemon, 19 T., 153.
The enticing away of a slave from the owner has, boon hold to be a trespass. although no force was employed. (3 J. J. Marsh. R., 185.) And where the taking was without actual force, but was accompanied by acts tending to a breach of the peace, it was held to amount to a forcible trespass. (Ired. R., 207.)
But although the jury found the defendant guilty of the alleged trespass, they estimated the damages at but three hundred dollars, when the lowest estimate by the witnesses of the actual loss sustained by the plaintiffs to their Crop in consequence of the taking away of the negroes was five hundred dollars. The amount of the verdict was probably the result of the admission of the evidence contained in the third and fourth bills of exceptions. That evidence, as we have seen, if admissible at all, conhl have been so for no other purpose then as an answer to a claim for vindictive or exemplary damages. It could in no event have authorized a reduction of the damages below the immediate and direct injury occasioned by the tortious acts of the defendant.
If, therefore, we had been of opinion' that the testimony in question was admissible, it was not entitled to the effect which appears to have been given to it; and for this cause a new trial must have been directed. But we are of opinion that the testimony was erroneously admitted; and because it may have influenced the finding of the jury, the judgment must be reversed and the cause remanded for further proceedings.
Judgment reversed.