WILLIAM H. TRIGG, Defendant in Error, v. F. J. ROSS, Plaintiff in Error.

*Practice—Writ—Execution—Amendment.*—Where an execution issued to the sheriff has been amended or altered at the request of the plaintiff, a sheriff sale and deed to the plaintiff, for land of the defendant, will not pass title. If the land had been purchased by a stranger, without notice of the alteration of the writ, quære, as to its effect.

*Error to Cooper Circuit Court.*

*Wm. Douglass*, for plaintiff in error.

I. The second instruction asked by the plaintiff below, and given, ought to have been refused; because, 1. There was no evidence of any instructions by plaintiff in the execution to the clerk to issue the execution returnable to the March term, 1863, of the court; but, on the contrary, the only evidence of any instructions given by plaintiff to the clerk, were the instructions to alter said execution after it had been issued and placed in the hands of the sheriff.

The clerk had no power to alter the execution after it had been issued and had gone into the sheriff's hands; and the alteration so made rendered the execution void, and the plaintiff, who is also the purchaser at the execution sale, being privy to said alteration, acquired no title to said property.

The clerk had no power or authority to alter the execution after it had gone into the sheriff's hands, nor could the plaintiff in the execution then authorize him to alter it. It had passed beyond their control. (R. C. 1855, p. 1257, § 21.) What, then, was the effect of this unauthorized alteration? The execution was a process of the court; it was a judicial record; such records have always been held inviolable and sacred. The public safety requires that they should not be profaned or tampered with, hence the wise provision of our statute quoted above, and which is only declaratory of what was the common law. If such alterations were permitted, it would lead to endless confusion and mischief, hence they are prohibited; and when done, the courts have held that the process thereby becomes vitiated, null and void. (Shep. Touch. 68; Housin v. Barrow, 6 T. R. 123; Fost. Cr. Law, 312; 1 Greenl. Ev. § 565; Bell v. Austen, 13 Pick. 90; Brier v. Woodbury, 1 Pick. 362; Pearson v. Yewens, 5 Bing., N. C. 489; Leigh v. Leigh, 2 Bing., N. C. 464.)

II. The instruction asked by the defendant below should have been given. This is not like the cases where it has been

held that the title of a *bona fide* purchaser at sheriff's sale cannot be declared void in a collateral proceeding. Trigg was not a *bona fide* purchaser; he knew of the alteration in the execution; he caused it to be made; it was his own wrong, and he cannot take advantage it.

BATES, Judge, delivered the opinion of the court.

This is an action of ejectment. The plaintiff having a judgment against the defendant, caused an execution thereon to be issued. After the execution had been issued and delivered to the sheriff, the clerk of the court from which it issued, at the instance of the plaintiff, changed the words of the execution so as to make it returnable at a time different from that named in it as originally issued. The sheriff, proceeding to act under the execution, sold a lot, which was bought by the plaintiff, who then brought this suit to recover possession of the lot. At the trial of this case, the court gave the following instruction :

" If the clerk of the court, under a misapprehension of the instruction of the plaintiff or otherwise, originally issued said execution returnable to the *second* succeeding term of the court after the date of its issue, instead of the *first* succeeding term thereof, and delivered the same to the sheriff ; and afterward and before any action was taken by virtue of said execution or any levy made, said clerk, at the instance of the plaintiff, corrected said execution so as to make it conform to the real instructions of the plaintiff, and returnable at the *first* instead of said *second* succeeding term, then such alteration or correction does not affect the legality or validity of the sale made under and by virtue of said execution."

There was judgment for plaintiff.

We regard the instruction, as worded, to intend that the clerk in changing the execution acted as the agent or representative of the plaintiff, and so regarding him, the instruction is erroneous. The clerk is, by statute, expressly forbidden to amend or impair any process, pleading or record, without the order of the court ; and, consequently, any such

unauthorized change made by him in an execution would be (as in the case of such change made by a stranger) mere *spoliation*, and would have no force to alter the legal effect of the writ.

If, however, the plaintiff in the execution made the change (by the hand of the clerk), he thereby invalidated the writ as to his beneficial interest under it; and having become himself the purchaser of the land, the sale to him under the altered writ was void. It might well be, that if a stranger, ignorant of the alteration, had become the purchaser, the sale would have been valid; but that is not the case we are called upon to consider.

As the case does not make it entirely certain that the Circuit Court regarded the act done by the clerk as the act of Trigg, the case will be remanded, so that, if necessary, that question of fact may be tried.

Judgment reversed and cause remanded. Judge Dryden concurs; Judge Bay absent.