has been expressly decided. Brown *v.* Moore, 38 Tex., 645; Sample *v.* Irwin, 45 Tex., 573; Stevens *v.* Hampton, 46 Mo., 404.

No opinion is now expressed whether the same principle would not apply to a substituted trustee when he appears as such on the face of the deed.

There being no apparent error in the judgment below, the same is affirmed.

AFFIRMED.

[Opinion delivered April 11, 1882.]

---

TRAVIS HENDERSON ET AL. v. R. D. OWNBY ET AL.

(Case No. 4542.)

1. IMPROVEMENTS BY DEFENDANT IN ACTION OF TRESPASS — TENANT.— A defendant in an action of trespass to try title who makes improvements on the premises after suit brought, no matter what his intention may have been as to their removal, has no more right to claim that he acted in good faith than a mere trespasser. This is so though he may have sequestered and replevied the premises; and no tenant of his having notice of the suit has any greater rights than himself.

APPEAL from Lamar. Tried below before the Hon. R. R. Gaines.

*Hale & Scott,* for appellants.

*Dudley. & McDonald,* for appellees.— Tonery and wife, being in the lawful possession of the lot, having the lawful right to rent the same and collect the rents, a contract made by them with the tenant to the effect that he could place his shoe shop upon said lot and remove the same at pleasure, authorized and entitled the said tenant to remove the said shop, provided the removal of the same would not injure the freehold; and a recovery of the lot by the appellants in a suit against Tonery and wife could

not affect his right of removal.   McJunkin *v.* Dupree, 44 Tex., 500; Hutchins *v.* Masterson, 46 Tex., 551; Moody *v.* Aikin, 50 Tex., 65 (see Fowler *v.* Stoneham, 6 Tex., 60, as to Tonery and wife's rights after they had replevied); Van Ness *v.* Packard, 2 Pet. (U. S.), 141; Tift *v.* Horton, 13 Am. R., 537; Eaves *v.* Eustis, 15 Am. R., 545; 2 Kent's Com., side page 343, and note; 1 Wash. on Real Property, pp. 23–30, 437; Ewell on Fixtures, pp. 80–110.

GOULD, CHIEF JUSTICE.— Pending a suit of trespass to try title to a lot in the city of Paris, and after the plaintiffs, Travis Henderson *et al.*, had sequestered the premises, and the defendants, T. J. Tonery and wife, had replevied, Greiner rented from Tonery and wife a portion of the lot and erected thereon the house in controversy, for a shoemaker's shop, that being his vocation. The building was a box house, set on blocks, and was erected under an agreement with Tonery that Greiner should have the privilege of removing it at pleasure.   The suit resulted in a judgment against Tonery and wife, and after the judgment was rendered, but before a writ of possession had issued, Greiner being about to remove the house, the plaintiffs instituted this suit to enjoin him from doing so.   The writ of injunction was issued and executed, and afterwards, by virtue of a writ duly issued under their judgment, plaintiffs were placed in possession of the premises.   The injunction suit resulted in a dissolution of the injunction, and in a judgment in favor of Greiner on a cross bill for damages for the conversion of the house.

The controlling question in the case is presented by appellants in the following proposition: "Tonery and wife, being trespassers on the lot, could not move, or authorize Greiner to move any house built thereon with notice of appellants' claim and title, built there without appellants' knowledge or consent; and no contract between Tonery

and Greiner would affect or be binding on the owners of the soil." Citing R. S., art. 4814, par. 1; Ewell on Fixtures, pp. 41, 67, 51–65, 66, 154; Graham v. Connersville R. R. Co., 10 Am. Rep. (36 Ind., 463); Whipple v. Dewey, 8 Cal., 36.

The counter proposition of appellee is: "Tonery and wife, being in the lawful possession of the lot, having the lawful right to rent the same and collect the rents, a contract made by them with the tenant, Greiner, to the effect that he could place his shoe shop upon said lot and remove the same at pleasure, authorized and entitled the said Greiner to remove the said shop, provided the removal of the same would not injure the freehold, and a recovery of the lot by the appellant in a suit against Tonery and wife could not affect his right of removal." Citing McJunkin v. Dupree, 44 Tex., 520; Hutchins v. Masterson, 46 Tex., 551; Moody v. Aikin, 50 Tex., 65; Fowler v. Stoneham, 6 Tex., 60; Van Ness v. Packard, 2 Pet., 141; Tift v. Horton, 13 Am. R., 537 (53 N. Y. 377); Eaves v. Eustis, 15 Am. R., 345 (10 Kan., 314); 2 Kent, side page 343 and note; 1 Washburne on Real Prop., pp. 23–30, 437; Ewell on Fixtures, pp. 80–110.

An examination of the authorities cited shows that none have been produced which can be regarded as going to the point, that one who rents from a defendant in a pending suit of trespass to try title can claim, as against plaintiff, any greater right to remove fixtures erected by him for purposes of trade, than the defendant himself would have, had he erected such fixtures after suit brought. On the other hand, in Ewell on Fixtures, it is said: "In order to give effect to the intention of a party not to make an erection a permanent accession to the realty, the person making the improvement must have the right to determine whether or not the erection shall become a part of the realty; and if, as between himself and the owner of the soil, he has no right to erect the

same as property separate and distinct from the freehold, an intention to do so, no matter how clearly manifested, is of no avail." Page 41. In the note to this passage, the case of Huebschmann v. McHenry, 29 Wis., 655, is cited, and, although not fully in point, is, we think, authority for appellants' proposition. In that case the house in question had been erected by a tenant under a lease from a third person who claimed by virtue of a tax deed, and there was evidence of a usage entitling the tenant, as between himself and his landlord, "to remove structure so erected at any time before the expiration of the lease." The court say: "There may be cases, it is true, between landlord and tenant, and perhaps others, where the intention of a tenant erecting a structure to remove it, and the purpose for which it is erected, enter into the question of its character, whether a fixture or not, and from which the tenant's right of removal may be determined. But no such considerations can, as it seems to us, enter into the question so far as a mere tortfeasor is concerned, when the nature of the structure is such as is ordinarily intended to improve the land, and to adopt it to the use and enjoyment of the occupant. The entry here was an assertion of title in the soil, if not in defendant, at least in the party under whom he entered. It was an entry with intention to hold an adverse possession. In pursuance of such entry and assertion of title, and with such intention, the house was erected to be used with the land and as a part of it, as part of the tenant's estate and interest in it. The case had, therefore, every element which characterizes the act of a trespasser who annexes his structure to the freehold, and is therefore presumed to intend to change the nature of his chattel, and convert it into realty, and thereby give it to the holder of the paramount title, in case he should be subsequently evicted by such holder. In such case it seems clear that no proof of previous intention on the

part of the wrongdoer to remove or sever the structure from the freehold should be admitted for the purpose of changing its character from real to that of personal property, as between him and the actual owner of the soil."

A defendant in trespass to try title who makes improvements pending the suit does so at the peril of losing those improvements should the suit be determined against him, no matter what may have been his intention in regard to their removal. This is so although the premises may have been sequestered and replevied by him. By replevying he is simply enabled to retain possession notwithstanding the sequestration. His rights to hold and improve are no greater than they were before sequestration had after suit. Having himself no right to remove fixtures wrongfully annexed by him to the land of another after suit brought, it is not perceived how, by contract, he can give such right to a third party having notice of the pending suit. After suit brought he is no longer allowed any greater right to claim that he acts in good faith in continuing to place fixtures on the land than would be accorded to a mere trespasser. Nor can he thereafter by renting the premises secure to himself through a tenant any greater rights in regard to such fixtures than he would otherwise have.

These views are conclusive of the case and must lead to a reversal of the judgment. The judgment in favor of Greiner is reversed, as also the judgment dissolving the injunction, and judgment in favor of appellants will be here rendered perpetuating the injunction, and for costs of suit.

REVERSED AND RENDERED.