## TRAVIS HENDERSON ET AL. VS. R. D. OWNBY ET AL.

### SUPREME COURT, AUSTIN TERM, 1882.

*Removal of fixtures—Improvements pending suit, made by third party, with notice, not removable.*—A defendant in trespass to try title who makes improvements pending the suit does so at the peril of losing the improvements, should the suit be determined against him, no matter what may have been his intention regarding their removal, although the premises may have been sequestered and replevied by him. Having, himself, no right to remove fixtures wrongfully annexed by him to the land of another after suit brought, he cannot give such right to a third party having notice of the pending suit.

Opinion by Gould, C. J.—Pending a suit of trespass to try title to a lot in the city of Paris, after the plaintiffs, Travis Henderson et al., had sequestered the premises, and the defendants, T. J. Towery and wife, had replevied, Griener rented from Towery and wife a portion of the lot, and erected thereon the house in controversy for a shoemaker's shop, that being his vocation. The building was a box house, set on blocks, and was erected under an agreement with Towery that Griener should have the privilege of removing it at pleasure. The suit resulted in a judgment against Towery and wife, and after the judgment was rendered, but before a writ of possession had issued, Griener being about to remove the house, the plaintiff instituted this suit to enjoin him from doing so. The writ of injunction was issued and executed, and afterwards, by virtue of a writ duly issued under their judgment, plaintiffs were placed in possession of the premises. The injunction suit resulted in a dissolution of the injunction, and in a judgment in favor of Griener on a cross bill for damages for the conversion of the house.

The controlling question in the case is presented by appellants in the following proposition: "Towery and wife being trespassers on the lot, could not move, or authorize Griener to move, any house built thereon with notice of appellant's claim and title, built there without appellant's knowledge or consent; and no contract between Towery and Griener would affect or be binding on the owners of the soil." Citing: R. S., art. 4814, par. 1; Ewell on Fixtures, pp. 41–67, 51–65, 66 and 154; Graham vs. Connersville R. R. Co., 10 Am. Rep., 36 Ind., 463; Whipple vs. Deney, 8 Col., 36.

The counter proposition of appellee is: "Towery and wife, being in lawful possession of the lot, having the lawful right to rent the same and collect the rents, a contract made by them with the the tenant, Griener, to the effect that he could place his shoe shop

upon said lot and remove the same at pleasure, authorized and enti-
tled the said Griener to remove the said shop, provided the removal
of the same would not injure the freehold; and a recovery of the
lot by the appellant, in a suit against Towery and wife, could not
affect his right of removal." Citing: McJunkin vs. Dupree, 44 Texas,
520; Hutchins vs. Masterson, 46 Texas, 551; Moody vs. Aiken, 50
Texas; Fowler vs. Stoneham, 6 Texas, 60; VanNess vs. Pacard, 2
Pet., 141; Tifft vs. Horton, 13 Am., 537 (53 N. Y., 377); Eares vs.
Estis, 15 Am., 345 (10 Kansas, 314); 2 Kent, side page 343 and
note; 1 Washburne on Real Property, pp. 20 to 30 and 437; Ewell
on Fixtures, p. 80 to 110.

An examination of the authorities cited shows that none have
been produced which can be regarded as going to the point, that
one who rents from a defendant in a pending suit of trespass to
try title can claim, as against the plaintiff, any greater right to re-
move fixtures erected by him for purposes of trade than the defend-
ant himself would have had, had he erected such fixtures ·after suit
brought.   On the other hand, in Ewell on Fixtures, it is said: "In
order to give effect to the intention of a party not to make an erec-
tion a permanent accession to the realty, the person making the im-
provement must have the right to determine whether or not the
erection shall become a part of the realty; and if, as between him-
self and the owner of the soil, he has no right to erect the same as
property separate and distinct from the freehold, an intention to do
so, no matter how clearly manifested, is of no avail." (p. 41.) In the
note to this passage, the case of Huebschmann vs. McHenry (29
Mich., 655) is cited, and, although not fully in point, is, we think,
authority for appellant's proposition.   In that case, the house in ques-
tion had been erected by a tenant under a lease from a third person,
who claimed by virtue of a tax deed, and there was evidence of a
usage entitling the tenant, as between himself and his landlord, "to
remove structure so erected at any time before the expiration of the
lease."   The court says:   "There may be cases, it is true, between
landlord and tenant, and, perhaps, others, when the intention of a
tenant erecting a structures to remove it, and the purpose for which
it is erected, enter into the question of its character, whether a fix-
ture or not, and from which the tenant's right of removal may be
determined; but no such consideration can, as it seems to us, enter
into the question, so far as a mere trespasser is concerned, where the
nature of the structure is such as is ordinarily intended to improve

3D

the land, and to adapt it to the use and enjoyment of the occupant. The entry here was an assertion of title in the soil—if not in the defendant, at least in the party under whom he entered. It was an entry with intention to hold an adverse possession. In pursuance of such entry and assertion of title, and with such intention, the house was erected to be used in connection with the land, and as a part of it, or part of the tenant's estate and interest in it. The case had, therefore, every element which characterizes the act of a trespasser who annexes his structure to the freehold, and is, therefore presumed to intend to change the nature of his chattel and convert it into realty, and thereby give it to the holder of the permanent title, in case he should be subsequently evicted by such holder. In such case, it seems clear that no proof of previous intention on the part of the wrong-doer to remove or sever the structure from the freehold should be admitted, for the purpose of changing its character from real to that of personal property, as between him and the actual owner of the soil."

A defendant in trespass to try title who makes improvements pending the suit, does so at the peril of losing those improvements should the suit be determined against him, no matter what may have been his intention in regard to their removal.

This is so, although the premises may have been sequestered and replevied by him. By replevying he is simply enabled to retain possession, notwithstanding the sequestration. His rights to hold and improve are no greater than they were before sequestration, but after suit. Having himself no right to remove fixtures wrongfully annexed by him to the land of another after suit brought, it is not perceived how, by contract, he can give such right to a third party, having notice of the pending suit. After suit brought he is no longer allowed any greater right to claim that he acts in good faith in continuing to place fixtures on the land, than would be accorded to a mere trespasser; nor can he thereafter, by renting the premises, secure to himself, through a tenant, any greater rights, in regard to such fixtures, than he would otherwise have.

These views are conclusive of the case and must lead to a reversal of the judgment. The judgment in favor of Griener is reversed, as also the judgment dissolving the injunction, and judgment in favor of appellants will be here rendered perpetuating the injunction and for costs of suit.