Opinion by
White, P. J.
§ 69. Trespasser; cannot claim occupancy of land in good faith. Walker sued appellees to recover the value ■of certain sugar cane which he alleged belonged to him and had been wrongfully converted by them. Walker took possession of certain premises with the knowledge •at the time that the title to said premises was then in litigation, and that the claim under which he entered upon the land was then in dispute in the courts. He was a party to the suit in which the title was involved. Pending this suit he planted the sugar cane in controversy upon the premises. The suit resulted adversely to the title under which he claimed the premises, and thereupon he abandoned the premises, leaving the sugar cane thereon. Appellees, who were the legal owners of the land, took possession of it, and also of the sugar cane. Held, that Walker had no cause of action. He was a trespasser when he entered upon the land, and could not claim entry and occupancy in good faith, because he knew of the adverse title and was fully apprised of the litigation about it. He took the chances of the title under which he entered and occupied the premises, and he exercised acts of ownership and occupancy at his own peril. He has no more right to claim that he acted in good faith than a mere trespasser. [Henderson v. Ownby, 56 Tex. 647.] In order to make a person guilty of a wrongful con *59 version of property there must be an illegal assumption of ownership. Appellees were the legal owners of the land, and also of the sugar "cane, which had been planted thereon against their wishes by a trespasser.
December 8, 1883.
§ 70. Allegata et probata; rule as to. It is an elementary rule of practice that the allegata and probata must correspond, and that facts not alleged, though proved, cannot form the basis of a decree or judgment. No evidence not supported by the allegations can sustain a verdict. [Jones v. Jackson, 3 Tex. 305; Denison v. League, 16 Tex. 400.] In this case appellees pleaded in reconvention for use and occupation of the premises from December 1, 1879. They were permitted to prove and recover for use and occupation from January 1, 1879,—• a period of eleven months longer than claimed by them in their plea.
§ 71. jRemittitur; effect of, tvhen made in appellate court. Appellees filed a remittitur in the court of appeals of the amouht recovered by them for use and occupation of the premises. Held, the remittitur had the effect to dispense with the necessity of a reversal of the judgment and a remanding of the cause. The judgment was reformed and rendered so as to relieve appellant from the amount adjudged against him for use and occupation, and the costs of the appeal were adjudged against appellees.
Reformed and rendered.