## J. D. CRAWFORD v. SOUTHERN ROCK ISLAND PLOW COMPANY ET AL.

Decided November 14, 1903.

**1.—Sequestration—Replevy—Motion Against Purchaser Pendente Lite.**

Plaintiffs sequestered certain wagons, which were replevied by defendants and subsequently sold, pending the litigation for their recovery, to one C. Plaintiff obtained judgment for the wagons, and, in the alternative that they could not be found, judgment for their value upon the replevy bond. The wagons were not returned, and executions for the money having been returned nulla bona, plaintiffs filed, in the sequestration case, a motion against C. asking for judgment against him to the extent of the value of the wagons, and obtained such judgment after C. had been cited and filed an answer in the case. Held, that the proceeding by motion against C. was equivalent to a separate suit against him, and the irregularity, if any, was not to his prejudice.

**2.—Same—Replevy Bond—Effect—Sale Pendente Lite.**

The statutory replevy bond is not a substitute for the property sequestered, and confers only the right to hold the possession thereof during the pendency of the litigation, but not the right to sell it to a third person. Rev. Stats., arts. 4874, 4877.

**3.—Same—Lis Pendens Purchaser—Conversion.**

A purchaser of the replevied property pending the sequestration suit therefor is charged with notice of the plaintiff's rights, and is liable to him for a conversion thereof where the parties to the replevy bond fail to satisfy the alternative money judgment in plaintiff's favor.

**4.—Same—Election—Writ of Possession—Waiver.**

Plaintiffs' action in taking the alternative judgment against the replevy bond, as provided in the statute, and their failure to have a writ of possession for the property issued, was not an election to look alone to the money judgment for their remedy and a waiver of the right to pursue a claim against the purchaser of the property.

Appeal from the District Court of Dallas. Tried below before Hon. T. F. Nash.

*Crawford & Crawford,* for appellant.

*Finley & Knight,* for appellees.

RAINEY, CHIEF JUSTICE.—In September, 1896, appellee herein sold to Pitluk, Meyer & Co., merchants, on credit, certain wagons and fixtures. On October 8, 1896, Pitluk, Meyer & Co. conveyed in trust, for the benefit of their creditors, their stock of merchandise, including the wagons and fixtures, to J. H. Le Grand. On October 10, 1896, appellee herein sued Pitluk, Meyer & Co. and said Le Grand to recover said wagons and fixtures, alleging that same had been obtained from them by false and fraudulent representations, etc., and that the title had not passed out of appellee. A writ of sequestration was issued and levied upon said wagons and fixtures, and same replevied by said Le Grand, who, while said suit was pending, sold the wagons and fixtures to J. D. Crawford, appellant herein. In said suit judgment was rendered in favor of appellee herein against Pitluk, Meyer & Co. and J. H. Le Grand for said property, with a writ of possession, and if the prop-

erty could not be found, a judgment was awarded upon the replevy bond for $1180.30 and costs. No writ of possession was ever issued. The said property not being returned to satisfy the judgment, execution was issued to Dallas County, which being returned nulla bona, an alias execution was issued to Smith County, where the defendants resided, which was also returned nulla bona.

On February 4, 1898, the Southern Rock Island Plow Company, appellee herein, filed in the District Court of Dallas County, in cause No. 15,362, styled Southern Rock Island Plow Company v. Pitluk, Meyer & Co. et al., being the suit above mentioned, a "motion for execution against J. D. Crawford."

Said motion complains of J. D. Crawford. It alleges the sale of said wagons and fixtures by him, the proceedings had in said cause No. 15,362, the conversion of the goods lis pendens, and prayed for citation against said Crawford, that the judgment in said cause No. 15,362, to the extent of the value of the goods so converted, be established against said Crawford, and for general relief, etc.

Judgment was rendered accordingly, from which this appeal is prosecuted.

The first contention urged by appellant is, "That the form of procedure adopted and used by the plaintiff in this action is not conformable to any procedure known to the laws of this State, and for this reason no cause of action was set forth against the defendant J. D. Crawford."

The filing of the "motion for execution against J. D. Crawford" was a proceeding not usual in our practice. A better way would have been to have brought a direct action against Crawford in the ordinary way. But the proceeding herein was in effect the same. The motion set out fully plaintiff's complaint against Crawford and alleged the facts upon which he was sought to be held liable. He was duly cited, answer was filed, and the proceedings had thereafter conformed in every particular to a trial of an ordinary cause. Crawford had his day in a court of competent jurisdiction, and the irregularity complained of is not such as operated to his injury. Southern R. I. Plow Co. v. Pitluk, 26 Texas Civ. App., 337, 63 S. W. Rep., 354.

The next contention is, in effect, that Le Grand having replevied the property, the replevy bond was a substitute for the property, and he had the right to sell the property and convey a good title to the purchaser thereof.

The effect given to replevy bonds varies in the different jurisdictions, but such variance arises from the wording of the different statutes authorizing their execution. Where provision is made for the return of the property replevied to satisfy the judgment, the rule is, as we understand the decisions, that the bond is not a substitute for the property, and the only right conferred by the bond is the right to hold possession thereof during the pendency of the litigation.

Article 4874, Revised Statutes, provides: "If the property to be replevied, as provided in the preceding article, be personal property, the condition of the bond shall be that the defendant will not remove the same out of the county, or that he will not waste, illtreat, injure, destroy, sell or dispose of the same, according to the plaintiff's affidavit, and that he will have such property, with the value of the fruits, hire or revenue thereof, forthcoming to abide the decision of the court, or that he will pay the value thereof and of the fruits, hire or revenue of the same in case he shall be condemned so to do." From which we think it clearly appears that the Legislature only intended to confer the right on the defendant to retain possession of the property during the pendency of the suit, in the event plaintiff recovered judgment. The clause "that he will pay the value thereof," etc., was intended merely as an alternative to secure plaintiff against loss in the event there was a failure to return the property, and was not intended to confer upon the defendant the right to put the property out of reach of the plaintiff. This view as to the legislative intention is strengthened by the language used in Article 4877, Revised Statutes, where provision is made for a satisfaction of the judgment by a return of the property, "which he has bound himself to have forthcoming to abide the decision of the court."

We find nothing in the statute that would warrant a construction, short of a satisfaction of the judgment, that the giving of a replevy bond would operate to divest the rightful owner of the title and vest it in a wrongdoer who wrongfully obtained possession thereof from the rightful owner.

The appellee in the first proceeding obtained judgment establishing its title to the property, with a writ for its possession, and an alternative judgment on the bond, and the defendant having purchased the property during the pendency of the first proceeding, he is charged with notice of plaintiff's right thereto, and liable to him for the conversion thereof, the parties to the replevy bond having failed to comply therewith, either by return of the goods or otherwise satisfying the judgment. Southern R. I. Plow Co. v. Pitluk, supra; York v. Carlisle, 19 Texas Civ. App., 269; Boydston v. Morris, 71 Texas, 697.

The remaining contention is that appellee having taken judgment in the alternative "for the value of the goods and sought to collect same, and never having issued a writ of possession, thereby elected to pursue Pitluk, Meyer & Co., J. H. Le Grand and Rowland and Haden on the judgment for the value of the goods, and waived all claim to the goods in the hands of the purchaser, J. D. Crawford."

We are of the opinion that the doctrine of election is not applicable to the facts of this case. The judgment recovered by him was such as provided by the statute in such cases. The replevy bond was breached by the failure of Le Grand to return the property, which authorized an execution for the value thereof against the makers of the bond. In exercising this right plaintiff did not waive the right to pursue the

property in the hands of a purchaser, or the right to recover its value of such purchaser. We are inclined to the opinion that, as the bond was breached, the plaintiff was bound to exhaust his remedy given by his alternative judgment for the value of the goods against the makers of the replevy bond before he could resort to an action against the purchaser of the property.

Finding no error in the judgment, it is affirmed

*Affirmed.*