## NUNN v. RABY.

(Court of Civil Appeals of Texas. Dallas. May 24, 1913. Rehearing Denied June 14, 1913.)

1. SEQUESTRATION (§ 18*)—LEVY OF WRIT OF SEQUESTRATION—SALE BY DEFENDANT GIVING STATUTORY BOND—RIGHTS OF BUYER.

That defendant in sequestration under Rev. Civ. St. 1911, §§ 7094–7118, authorizing writs of sequestration, gave the statutory replevin bond conditioned that he would not sell the property pending suit and sold the property pending the suit to a third person was no defense to plaintiff contesting the title with the third person in the statutory proceeding of the trial of the right of property.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 38–41; Dec. Dig. § 18.*]

2. PLEADING (§ 69*)—ADMISSIONS.

The allegation in the petition in an action to recover personalty that defendant had converted the same to his own use and possession is not an admission that title was in defendant.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 69.*]

3. APPEAL AND ERROR (§ 719*)—ASSIGNMENTS OF ERROR—FUNDAMENTAL ERROR.

An error apparent of record is fundamental and reviewable, though not assigned.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982, 3490; Dec. Dig. § 719.*]

4. SEQUESTRATION (§ 18*)—CLAIMS OF THIRD PERSONS—JUDGMENT.

A judgment against a claimant of property not a party to a writ of sequestration levied on

the property rendered on his failure to establish his claim should be for the value of the property claimed, with legal interest from the date of the bond and the statutory penalty by way of damages; and, though the judgment properly recites that plaintiff should recover title, it should not award possession since the third person may retain possession and pay the judgment or return the property and pay interest and damages.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 38–41; Dec. Dig. § 18.*]

5. APPEAL AND ERROR (§ 1149*)—PROCEEDINGS ON APPEAL—CORRECTION OF ERRONEOUS JUDGMENT.

Where the error in a judgment was not called to the attention of the trial court and the error was in the entry of the judgment rather than in any proceedings had on the admission of testimony or the application of the rules of law, the court on appeal will correct the judgment and affirm it as corrected.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4483–4496; Dec. Dig. § 1149.*]

Appeal from Dallas County Court; W. F. Whitehurst, Judge.

Action by C. C. Raby against C. E. Welch, in which G. W. Nunn appeared as claimant to the property sequestered under a writ of sequestration issued at the instance of plaintiff. From a judgment for plaintiff, G. W. Nunn, claimant, appeals. Corrected and affirmed.

Geo. O. Wallace and Gibson & Callaway, all of Dallas, for appellant. Morris & Pope, of Dallas, for appellee.

RASBURY, J. The issues on this appeal grow out of the following facts: Appellee sued C. E. Welch in the county court of Dallas county at law November 4, 1911, to recover an automobile or its value, alleging ownership in himself and a conversion of the car by Welch. Simultaneously with the filing of suit upon application of appellee, a writ of sequestration was issued, by authority of which the sheriff of Dallas county seized the car. On November 13, 1911, the sheriff delivered it to Welch, who replevied same under authority of the sequestration statutes. On December 17, 1912, and while Raby v. Welch was pending, appellant, Nunn, purchased the car from Welch, and after the purchase, and on January 19, 1912, appellee caused an alias writ of sequestration to issue in the suit against Welch, by authority of which the sheriff took possession of said car from Nunn. On the same day Nunn claimed the car in compliance with the provisions of the statutes for the trial of the right of property. The case between appellee and Welch, growing out of the levy of the first writ of sequestration, was tried first and judgment entered April 13, 1912, decreeing title in appellee, foreclosing sequestration, lien, etc., and providing for personal judgment against Welch and his sureties if the automobile could not be found. The instant case which grew out of the issuance and levy of the alias writ of sequestration was tried October 14, 1912. Aside from proof of the facts which we have just related, the only testimony adduced on the trial was proof by appellee that he was the owner of the automobile and was the owner of the same when he sued Welch, from whom he bought same, paying therefor $500. Appellee also testified, after qualifying in that respect, that the then cash market value of the car in Dallas was $500. At the conclusion of the testimony the court directed verdict for appellee, upon which judgment was entered, and from which this appeal was perfected. So far as the record in the instant case shows, no appeal was taken from the judgment in the suit between appellee and Welch involving the title to the same car.

[1] Appellant, upon the record as stated, asserts that the court erred in directing a verdict for appellee for the reason that, when Welch replevied the car and acquired possession of same by that process and thereafter sold it to appellant, appellee had no further claim thereto, and that the sole remedy of appellee was a personal judgment against Welch and the sureties on his replevin bond. We think the proposition unsound. As we have said, the suit was one brought under title 122, R. S. 1911, known as our law of sequestration, which permits the issuance and levy of writs of sequestration in various kinds of suits, among others when a litigant sues for the title or possession of personal property. In such suits the defendant may, after sequestration, retain possession of the property by giving bond. Among other conditions in the bond to be given by the defendant is the provision that he will not "sell or dispose of the same" pending the suit. Article 7104, R. S. 1911. While the statute also provides a remedy upon the bond for the plaintiff in the event the defendant violates the obligation to hold the property pending determination of ownership, a discussion of that provision is not necessary to a disposition of appellant's contention, since in our opinion such provision is only intended as a protection in case of violation of bond.

The precise question has been decided by this court, and hence the fact that Welch gave the statutory replevin bond in sequestration furnishes no defense to appellee contesting the title to the property with appellant in a proceeding brought under the statutory proceeding of the trial of the right of property. Crawford v. Southern Rock Island Plow Co., 33 Tex. Civ. App. 510, 77 S. W. 280.

Two objections are urged to the judgment. One is that the issues tendered and the evidence adduced did not authorize an instructed verdict for appellee. We conclude there is no merit in this objection, since it is un-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

disputed that the title to the car was in appellee.

[2] We are unable to find any contention other than the one which we have just discussed, to the contrary, unless it be the claim urged under the second assignment of error that the allegation by appellee in the suit against Welch that Welch had converted the automobile to his use and possession was an admission that the title was|in Welch. The latter contention is obviously untenable, since such a rule would be to create title in the wrongdoer in every attempt made to recover possession of property converted. The other objection to the judgment was not assigned as error in the court below, but is urged here as fundamental and is in substance that the judgment is void because for a greater sum than $1,000, exclusive of interest, and to enter which the court was without jurisdiction.

[3] This contention as to the facts is sustained by the record and may be considered, though not assigned, since the error is apparent of record, and hence fundamental.

[4] We do not, however, think that the assignment raises a question of jurisdiction, since the court did have jurisdiction to try the issues tendered by the claimant, but rather the entry of an incorrect judgment upon a correct verdict. Neither the instruction of the court, the verdict of the jury, nor the statutory provisions with reference to the trial of the right of property, by authority of which the instant case was instituted, authorized the judgment as entered. The judgment to be entered against a claimant of property, not a party to any writ of sequestration levied upon personal property, who fails to establish his claim thereto, as in the instant case, is for the value of the property claimed, with legal interest thereon from the date of the bond and the statutory penalty of 10 per cent. by way of damages. The judgment as entered recites that appellee shall "recover title and possession" of the automobile valued at $500 and awards writ of possession therefor. The judgment then proceeds to award judgment against appellant for $550, exclusive of interest. Aside from the question of jurisdiction, the judgment entered is erroneous, for, as indicated, the judgment should have been for the value of the automobile, $500, the statutory penalty of $50, and the interest of $21.90. The car, however, should not have been awarded to appellee. The recitation that appellee recover title was correct, but possession and writ for its enforcement was error, since the appellant was entitled to retain possession of the car and pay the judgment, or, if he preferred, to return the car and pay interest and damages in satisfaction of the judgment.

[5] However, in view of the fact that the error was not called to the attention of the court below for correction, and in view of the further fact that the error is in the entry of the judgment rather than in any proceeding had upon the admission of testimony, or the application of the rules of law, we are of opinion the case should not be reversed, but the judgment corrected.

Accordingly it is directed that the judgment of the court below be here corrected in accordance with the views expressed, and as corrected will be affirmed.

Affirmed.