VAN VELZER v. STRYKER. (No. 7228.)

(Court of Civil Appeals of Texas. Galveston. June 30, 1916. Rehearing Denied Oct. 5, 1916.)

1. SEQUESTRATION &#9670;&#8674;15—JUDGMENT IN ALTERNATIVE—WAIVER.

    Where an automobile held under a claimant's bond given in sequestration proceedings was sold pending suit, and the execution issued on the judgment was returned nulla bona, the fact that plaintiff therein took judgment in the alternative for the value of the property and sought to collect the same did not operate as a waiver of claim to the property taken under the bond, which had passed into the hands of a third person by purchase, and the sale under such conditions does not pass title to such purchaser.

    [Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 25–32; Dec. Dig. &#9670;&#8674;15.]

2. SEQUESTRATION &#9670;&#8674;15—SALE OF PROPERTY—DAMAGES—PERMITTING IMPROVEMENTS.

    In a suit to recover title and possession of an automobile purchased by defendant from one holding it under a claimant's bond, where it appeared that plaintiff saw the repairs which were made by defendant at a heavy expense and in good faith, believing the machine to belong to him, and the plaintiff knew defendant

was laboring under such belief and allowed him to complete the repairs before asserting his claim, a judgment for plaintiff for the automobile will be charged with the value of such beneficial repairs.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 25–32; Dec. Dig. ⊂⏌15.]

Appeal from Harris County Court; Clark C. Wren, Judge.

Suit by A. C. Van Velzer against A. B. Stryker. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

A. C. Van Velzer, of Houston, for appellant. Charles Murphy, of Houston, for appellee.

LANE, J. This suit was instituted in the county court at law for Harris county, Tex., on the 15th day of March, 1915, by A. C. Van Velzer against A. B. Stryker to recover the title and possession of a certain automobile of the estimated value of $250, and for $2 per day for the use of the same from the 1st day of January, 1915, until the same is returned to the plaintiff. The case was tried before the court without a jury, and judgment was rendered in favor of defendant, Stryker.

Plaintiff, Van Velzer, has appealed, and insists that the trial court erred in rendering judgment for defendant, because the undisputed evidence shows that the automobile in question was his property and that he was entitled to its possession.

The undisputed evidence shows the following facts: One E. D. McKenzie was the owner of the automobile in 1913. Said automobile was found by him in the possession of the Houston Motorcar Exchange. On 15th day of February, 1914, McKenzie brought suit against said Exchange for said automobile, and at the same time caused a writ of sequestration to issue, under which the sheriff of Harris county took possession of said automobile. On the 4th day of March, 1914, the said suit of McKenzie v. Houston Motorcar Exchange was called for trial, and, upon a disclaimer being entered by said Exchange, judgment was entered against it in favor of McKenzie for said automobile. On the 16th day of May, 1914, one H. McKee filed a claimant's oath and bond, and said automobile was delivered to him by said sheriff on the 19th day of May, 1914. E. D. McKenzie did not join issue with said claimant, H. McKee, under the provision of the statute which provides for the trial of the rights of property taken under a claimant's bond, but on the 29th day of May, 1914, he brought suit against said H. McKee and the sureties on his claimant's bond for the title and possession of said automobile and for damages, and prayed that, if said car could not be found and returned to him, he have judgment against said principal and sureties for $250, the alleged value of the automobile. During the pendency of said suit, to wit, on the 16th day of July, 1914, H. McKee sold and delivered said automobile to one Smith. On the 15th day of January, 1915, the case of McKenzie v. H. McKee et al., on the bond, was tried and resulted in a judgment for McKenzie against H. McKee for the title and possession of said automobile and against H. McKee as principal and F. R. Seedman, Jake Marti, T. B. Nicholas, and H. Bissonnet as sureties for $121.50 as damages, and for $250 if said automobile was not delivered to him, the said McKenzie, and for writ of possession and execution. On the 4th day of February, 1914, McKenzie sold said automobile to plaintiff, Van Velzer, who had acted as McKenzie's attorney in all of said suits. On the 12th day of February, 1914, Smith, who bought from McKee, sold and delivered said automobile to defendant, A. G. Stryker, who bought in good faith without notice of the adverse claim of Van Velzer. Some time in the month of March, 1915, defendant, Stryker, had said automobile overhauled and repaired at a cost to him of more than $100. While said repairs were being made plaintiff, Van Velzer, saw the same and observed the repairs were being made, and made no claim to the machine, but waited until said repairs were completed and paid for by Stryker before he made known to Stryker that he claimed the machine.

[1] The contention of appellee, which was sustained by the court, is that when E. D. McKenzie recovered judgment against H. McKee and the sureties on his claimant's bond, and failed to take possession of said automobile under said judgment, all his rights were merged into that portion of said judgment as awarded to him $250 for the value of the machine, together with $121.50 as damages, and that the sale of the machine by McKee to Smith passed the title to same to Smith, and which title passed from Smith to appellee, Stryker. Appellee also contends that, if he be mistaken in the above proposition, and it should be held that said machine was and is the property of appellant, then he should be adjudged a lien upon said machine to secure the payment of the sum of $174 paid out by him for repairs on the same, as found by the trial court, with the knowledge of appellant.

Appellee pleaded that appellant saw said repairs were being made at a heavy expense to appellee; that said repairs were made by appellee when he in good faith believed said machine belonged to him; that appellant knew he was laboring under such belief, and appellant should now be estopped from claiming the machine; and that, if he (appellant) should be permitted to recover the same, he should be made to pay the sum expended by appellee for repairs.

The trial court rendered judgment for appellee, Stryker, upon the theory or conclusion that E. D. McKenzie, from whom appellant purchased the machine, had lost any title he had therein by taking judgment for

the value of said machine against H. McKee and his sureties on his claimant's bond, before he sold to appellant. In this conclusion we think the trial court erred.

In the case of Crawford v. So. Rock Island Plow Co., 33 Tex. Civ. App. 510, 77 S. W. 280, it was held that, when property is taken under a replevy bond, the taker under such bond is not authorized to sell the property, so taken, and that a sale under such conditions does not pass title to the purchaser; that when the defendant gave a replevy bond, and judgment was rendered for the plaintiff with writ of possession, and the property could not be found, and judgment was awarded on the bond, and defendant, pending suit had sold the property, and that the execution issued on the judgment was returned nulla bona, it was not an election on the part of plaintiff to pursue the defendant, so as to waive any remedy against the purchaser of the property; that the fact that the plaintiff took judgment in the alternative for the value of the property, and sought to collect same, did not operate as a waiver of claim to the property taken under the bond, which had passed into the hands of a third person by purchase. Southern R. I. P. Co. v. Pitluk, 26 Tex. Civ. App. 327, 63 S. W. 354. We see no reason why the rule above announced should not apply with equal force in this case.

[2] We think the judgment for the automobile should have been for appellant, charged with the value of such beneficial repairs as was made by appellee, if any, unless appellee was entitled to recover the machine under proper plea of estoppel and proof of support thereof. These issues of estoppel were not fully developed in the trial court.

Having reached such conclusion, we think the judgment of the trial court should be reversed, and the cause remanded; and it is so ordered.

Reversed and remanded. ·

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes