## LEVIN et al. v. COPPARD.   (No. 7447.)

(Court of Civil Appeals of Texas.   San Antonio.   Dec. 5, 1925.   Rehearing Denied Jan. 20, 1926.)

Appeal and error ⬤⟶78(1)—Interlocutory order held not final judgment.

Where defendant deposited amount admitted to be owing in court, and thereafter defendant's trustee in bankruptcy intervened, interlocutory order directing clerk to pay fund to intervener was not a final appealable judgment, since it did not dispose of a cause of action.

Error from Bexar County Court for Civil Cases; McCollum Burnett, Judge.

Action by Ben A. Levin and another against J. D. Richie, in which M. Coppard, trustee in bankruptcy for defendant, intervened. To review an interlocutory order directing the clerk of court to pay fund deposited in court by defendant to intervener, plaintiffs bring error. Writ of error dismissed.

Emmett B. Cocke and Ben H. Kelly, both of San Antonio, for plaintiffs in error.

S. C. Eldridge, of San Antonio, for defendant in error.

SMITH, J.  Ben A. Levin and another instituted this action against J. D. Richie upon an open account amounting to $431.50. Richie answered, contesting the amount of the account, admitted that he owed the plaintiffs $272.50 thereon, deposited that sum into the registry of the court, and prayed for adjudication of the controversy, for costs, and for general and special relief. Subsequently M. Coppard intervened, alleging that, pending the suit, Richie had been adjudged a bankrupt; that Coppard had been made trustee in bankruptcy

of the Richie estate; that Levin had filed his claim here sued on with the referee in bankruptcy, who had allowed said claim in full as an unsecured claim. Coppard further alleged that by reason of the facts stated the impounded fund of $272.50 was a part of the bankrupt's estate, to which he was entitled as trustee, and prayed that it be paid over to him. Upon consideration the trial court entered an interlocutory order in pursuance of said prayer, directing the clerk of the court to pay over said fund to Coppard, as trustee in bankruptcy. No disposition was made of the main controversy in the suit, the subject matter of which remained undisposed of upon the docket. From the interlocutory order mentioned Levin and his associate have undertaken to prosecute this writ of error.

We conclude, upon our own motion, that the order from which plaintiffs in error here seek to appeal is not a final judgment from which an appeal lies, since it does not dispose of the cause of action sued on, but is purely interlocutory in its nature, and does not give this court jurisdiction thereover. Linn v. Arambould, 55 Tex. 611, and authorities there cited.

Accordingly the writ of error will be dismissed for want of jurisdiction.