McCOMIC et al. v. SCRINOPSKIE et ux.

No. 4827.

Court of Civil Appeals of Texas. Texarkana.
Oct. 22, 1934.

Rehearing Denied Nov. 1, 1934.

Wynne & Wynne, of Longview, and Weeks, Hankerson & Potter, of Tyler, for appellants.

Lee, Porter & Latham, of Longview, and Jas. T. Kelley, of Gladewater, for appellees.

SELLERS, Justice.

J. C. McComic leased a certain hotel located in the town of Gladewater in Gregg county, of which he was the owner, to I. Scrinopskie. At the expiration of this lease, J. C. McComic and one McDonald, to whom McComic had ex-

ecuted a lease on the property to take effect upon the expiration of the lease to Scrinopskie, brought suit in the district court of Gregg county against Scrinopskie and wife for the possession of the premises, and at the same time caused to be issued and levied a writ of sequestration on the property. Scrinopskie and wife replevied the property by executing a replevy bond as required by law. Scrinopskie and wife answered and set up their right of possession by virtue of a parol lease of the property to them by McComic for another year after the original lease expired. Thereafter, and while this suit was pending for trial, McComic and McDonald filed another suit in the justice court against Scrinopskie and wife seeking to recover possession of the property. This suit was tried in the justice court and resulted in a judgment for Scrinopskie and wife. McComic and McDonald appealed to the county court where the case was tried and a judgment rendered in favor of McComic and McDonald. After this judgment was rendered, Scrinopskie and wife filed a petition in the original suit in the district court seeking a temporary injunction restraining McComic, McDonald, the county clerk, and the sheriff from taking any further action towards enforcing the county court judgment until a trial could be had in the district court case. The court on a hearing granted a temporary injunction, and McComic and McDonald have duly prosecuted this appeal.

There is a well-settled rule of law followed in this state in Durham v. Scrivener (Tex. Com. App.) 270 S. W. 161, 162, to this effect: "When a court of competent jurisdiction has, by appropriate proceedings, taken property into its possession through its officers, the property is thereby withdrawn from the jurisdiction of all other courts. The latter courts, though of concurrent jurisdiction, are without power to render any judgment which invades or disturbs the possession of the property while it is in the custody of the court which has seized it. For the purpose of avoiding injustice which otherwise might result, a court during the continuance of its possession has, as incident thereto and as ancillary to the suit in which the possession was acquired, jurisdiction to hear and determine all questions respecting the title, the possession or the control of the property."

As we understand appellants, they have no fault to find with the above rule, but insist that, when the property was replevied by appellees, its possession was thereby withdrawn from the court and the above rule has no ap-

plication. We are unable to find any case reported in this state on similar facts directly deciding the point, but, in our opinion, the authorities interpreting the effect of a replevy bond in sequestration proceedings are of such a nature as to authorize but one logical conclusion, and that is that property sequestered and replevied under our statutes remains in the custody of the law during the pendency of the levy just the same as though the property had remained in the custody of the officer who levied the writ. The party replevying the property holds the custody for the court rather than for himself. The Supreme Court, in the early case of Fowler v. Stonum, 6 Tex. 60, on facts somewhat different from this case, in discussing the effect of sequestration proceedings, thus held:

"The defendant had invoked the aid of legal process, to recover of the now plaintiffs, this property; and they had exercised their legal right of replevying the property. This unquestionably gave them the legal custody and possession of it, for the purposes of that suit, and as between the parties to it. It follows that the defendant had no right, during the pendency of the suit, to disturb that possession.

"A sequestration is a judicial deposit. 6 La. R. 542. It is a conservatory act, which does not affect the question of title; but the possession under it, as to that suit, and the parties to it, is a legal possession. So it is held that property levied on remains, during the pendency of the levy, in the custody of the law."

This case, it would seem, is ample authority for our holding, but there are other cases holding that a party does not become the owner of sequestered property by simply sequestering and bonding it, Zeigler v. Sawyer (Tex. Civ. App.) 16 S.W.(2d) 894; and also that the only right conferred by the bond is the right to hold possession of the property during the pendency of the litigation. Crawford v. Southern Rock Island Plow Co., 33 Tex. Civ. App. 510, 77 S. W. 280. That is in line with the principle of the process. Sequestration is a process under the statute of the state employed in its use as a conservatory writ whenever the right of property is involved to preserve pending litigation specific property subject to conflicting claims of ownership or liens and privileges. It may be resorted to in a suit for partition or for rent. Also in an action of trespass to try title. Blum v. Gaines, 57 Tex. 135; Finegan v. Read, 8 Tex. Civ. App. 33, 27 S. W. 261. It is merely a conservatory measure. The purpose of the law is

to give the plaintiff a process to protect him against the apprehended injury until he can establish his right and exact of the defendant, if he would retain the possession to which he is presumptively entitled, that he give security to indemnify plaintiff against the misuse of the property and loss of rents while plaintiff is pursuing his remedy in court to establish his title. Bullock v. Traweek (Tex. Civ. App.) 20 S. W. 724.

If we are correct in our conclusion, the judgment of the trial court is correct, and it is so ordered.