**WHATLEY v. KING et ux.**

No. 2923.

Court of Civil Appeals of Texas. Eastland.

Jan. 11, 1952.

Rehearing Denied Jan. 25, 1952.

C. O. McMillan, Stephenville, Burks & McNeil, Lubbock, for appellant.

L. D. Hawkins, Breckenridge, Sterling Williams, Snyder, for appellees.

PER CURIAM.

Whatley sued King and wife for specific performance of a written contract whereby King and wife agreed to sell and Whatley agreed to buy a ranch and certain personal property, including the cattle thereon. The trial court refused to enforce the contract as to the land but found that Whatley was entitled to recover the personal property. The parties appealed and this court, in an opinion to be found in Tex.Civ.App., 236 S.W.2d 186, affirmed that portion of the judgment of the court denying a recovery of the land but reversed and remanded that portion of the judgment granting Whatley recovery of the personal property and damages to other personal property. Prior to the first appeal of this case, on December 7, 1949, Whatley caused to be issued a writ of sequestration and the sheriff of Scurry County, acting thereunder, levied upon and took possession of the cattle and other personal property involved herein. King and wife failed to replevy the property and Whatley, on December 17, 1949, replevied same and the sheriff delivered possession thereof to him. After the mandate from this court had been received in the trial court, King and wife filed a motion asking the court to enter an order directing Whatley to deliver to them all of the personal property held under such replevy bond. After a hearing, the court entered an order directing that Whatley deliver possession of the personal property to King. From this order Whatley has appealed.

King and wife have filed and presented a motion to dismiss the appeal on the ground that the order entered is not a final judgment and, therefore, is not "appealable." We are of the opinion that this motion must be sustained. It is well settled there can be but one final judgment in a case. The order from which an appeal is attempted to be made does not dispose of all of the issues. This court reversed and

**338**

remanded for a new trial that portion of the judgment awarding Whatley the title to the personal property. We do not pass upon the question as to whether the court properly entered the order. When it reached the trial court, it was on the docket for a new trial. The record shows that King is in possession of $5,000 which was paid to him by Whatley in the transaction. The court nowhere in the order entered attempts to dispose of this money or to adjust the equities in any way between the parties. Whatley contends the order is a mandatory injunction and, therefore, appealable. We cannot agree with this contention. We believe the order entered is not such a judgment from which an appeal will lie. The following cases seem to support our conclusion: Alpha Petroleum Co. v. Dunn, Tex.Civ.App., 60 S.W.2d 469; E. L. Wilson Hardware Co. v. F. J. & R. C. Duff, 98 Tex. 467, 85 S.W. 786; Levin v. Coppard, Tex.Civ.App., 278 S.W. 950; Keasler Lumber Co. v. Clark, Tex.Civ.App., 151 S.W. 345; 3A Tex.Jur., pp. 106, 99, 96, 111.

The appeal is, therefore, dismissed.