C. B. WHATLEY V. R. H. KING ET UX.

No. A-3557. Decided May 14, 1952.
(249 S. W., 2d Series, 57.)

*Burks & McNeill*, of Lubbock, and *C. O. McMillan*, of Stephenville, for petitioner, C. B. Whatley.

The Court of Civil Appeals erred in holding that the order appealed from is not a final judgment or a mandatory injunction and therefore not appealable. Dallas Jt. St. Land Bank of Dallas v. State ex rel Cobb, 135 Texas 25, 137 S.W. 2d 993; Walbridge-Aldinger Co. v. City of Tulsa, 107 Okla.259, 233 Pac. 171; 28 Am. Jur. 197,199.

*Hawkins & Dean* and *L. D. Hawkins*, of Breckenridge, for respondents, King and wife.

MR. JUSTICE SMITH delivered the opinion of the Court.

This suit was originally brought by petitioner, C. B. Whatley, against R. H. King and Evalyn King to recover upon a written contract by which the latter agreed to sell and the former agreed to buy a ranch and certain personal property, including cattle thereon. The contract and issues involved in the original trial are fully stated in the opinion of the Court of Civil Appeals, 236 SW 2d 186, and in the interest of brevity will not be repeated here. It is sufficient to say that both parties appealed from the judgment entered by the trial court, which judgment was affirmed in part, and reversed and remanded in part, for another trial.

On August 3, 1951, after the mandate had issued, and at a time when the case was pending in the trial court for retrial, the respondents filed a motion in that court to require petitioner to deliver all of the personal property, including the cattle and increase thereof, to the respondents at their ranch in Scurry County. The motion recites that petitioner was in possession of said personal property by virtue of a writ of sequestration he had caused to be issued on December 5, 1949, and a replevy bond filed on December 17, 1949.

The motion contains the following prayer:

"Wherefore, defendants move and pray the court for the entry of an order directing and requiring said C. B. Whatley, plaintiff herein, forthwith to deliver to these defendants all of said personal property, including said cattle and increase thereof, at the place where they were so levied on by said sheriff on defendants' said ranch; and the defendants pray for the entry of any and all other and further orders as may seem proper to the court."

The trial court, after hearing evidence, granted the motion on October 2, 1951. The pertinent portion of the order involved in this appeal reads as follows:

"It is therefore, on this 2nd day of October, 1951, in term time, ordered that said plaintiff, C. B. Whatley, be, and he is hereby, directed and required to restore to said defendants all the personal property which he caused to be sequestered by the issuance of the writ of sequestration issued herein on, to-wit, December 5, 1949, and whici.  received from said sheriff under and by virtue of his replevy bond dated December 17, 1949, on file herein, including cattle and  e increase thereof, which said defendant testified on said hea   of August 22, 1951, that he then had in his possession.

"It is further ordered that said plaintiff, C. B. Whatley, comply with this order to restore by delivering, or causing to be delivered to defendants all said personal property described in said replevy bond and so in his possession on August 22, 1951, including cattle and the increase thereof, as so shown by said testimony, at the place where the sequestered property was taken into possession by said sheriff under said writ of sequestration on the ranch of defendants R. H. King, et ux, about fourteen (14) miles North of Snyder, in Scurry County, Texas, and that such delivery be made to the defendants herein at such place not later than the 9th day of October, 1951.

"It is further ordered that at the time of such restoration a receipt, in triplicate originals, shall be executed by said plaintiff, C. B. Whatley, and by said defendant R. H. King, showing what items of such personal property, including cattle and the increase thereof, have been so delivered, one of which triplicate originals shall be delivered to plaintiff C. B. Whatley, and two of which shall be delivered to defendant R. H. King, and that said defendant R. H. King shall promptly thereafter file one of said triplicate originals in this court among the papers in this cause."

From this order, petitioner, Whatley, duly perfected his appeal to the Court of Civil Appeals for the Eleventh Supreme Judicial District. Thereafter, respondents filed and presented to that court a motion to dismiss the appeal on the ground that the order entered by the trial court was not a final judgment and, therefore, was not "appealable". The Court of Civil Appeals sustained the motion and dismissed the appeal. 245 SW 2d 337. This court has granted a writ of error.

The petitioner's contention that the order issued by the trial court is, in effect, a mandatory injunction is sustained. The order contains all the elements of finality so far as petitioner is concerned. Dallas Joint Stock Land Bank of Dallas v. State ex rel Cobb, Tex. Com. App., 135 Texas 25, 137 SW 2d 993.

The judgment of the Court of Civil Appeals is reversed, and cause remanded to that court for reinstatement and consideration upon its merits.

Opinion delivered May 14, 1952.

MR. JUSTICE SMEDLEY, dissenting.

I respectfully dissent from the opinion of the majority, being

convinced that the order from which the appeal was taken was not a final judgment and that the Court of Civil Appeals made correct disposition of the case.

Opinion delivered: May 14, 1952.