## WHATLEY v. KING et ux.

No. 2923.

Court of Civil Appeals of Texas. Eastland.

June 27, 1952.

Rehearing Denied July 19, 1952.

C. O. McMillan, Stephenville, Burks & McNeil, Lubbock, for appellant.

L. D. Hawkins, Breckenridge, Sterling Williams, Snyder, for appellees.

LONG, Justice.

Whatley sued King and wife for specific performance of a written contract whereby King and wife agreed to sell and Whatley agreed to buy a ranch and certain personal property, including the cattle thereon. The trial court refused to enforce the contract as to the land but found that Whatley was entitled to recover the personal property. The parties appealed and this court, in an opinion to be found in 236 S.W.2d 186, affirmed that portion of the judgment deny-

ing a recovery of the land but reversed and remanded that portion of the judgment granting Whatley recovery of the cattle and damages to other personal property. Prior to the first appeal on December 7, 1949, Whatley caused to be issued a writ of sequestration, and the sheriff of Scurry County, acting thereunder, levied upon and took possession of the cattle and other personal property involved herein. King and wife failed to replevy the property and Whatley, on December 17, 1949, replevied same and the sheriff delivered possession thereof to him. After the mandate from this court had been received in the trial court, and at a time when the case was pending for trial, King and wife filed a motion asking the court to enter an order directing Whatley to deliver to them all of the personal property held under such replevy bond. After a hearing of the motion only, the court entered an order directing that Whatley deliver possession of the personal property to King, at the King ranch, not to the sheriff from whom he had obtained the possession, under the replevy bond. From this order Whatley has appealed.

King and wife filed and presented a motion to dismiss the appeal on the ground that the order entered was not a final judgment and, therefore, not appealable. We sustained this motion and dismissed the appeal. King v. Whatley, Tex.Civ. App., 245 S.W.2d 337. The Supreme Court granted a writ and held that the order was appealable and that this court erred in dismissing the appeal, and remanded the cause to this court for reinstatement and consideration of the case on its merits. 249 S.W.2d 57.

■ We believe the trial court erred in entering the order requiring Whatley to return to King the personal property held by him under the sequestration. That portion of the judgment relating to the personal property was reversed and remanded by this court. We did not enter a judgment disposing of this phase of the case. When the mandate of this court was filed in the trial court the case, so far as the personal property was concerned, was on the docket for trial. Rule 369 Texas R.C. P. provides in part that if a judgment has been reversed and remanded by the Court of Civil Appeals, the Clerk of the trial court shall continue the cause on the docket with its original file number for trial. There were issues to be determined by the trial court before a final judgment could be entered. King was in possession of $5,000 paid to him by Whatley in this transaction. Whatley had executed a replevy bond and the sheriff had delivered to him possession of the cattle. This gave him the legal custody and possession of the cattle as between the parties during the pendency of the suit. King had no right, during the pendency of the suit, to disturb that possession. Fowler and Clepper v. Stonum, 6 Tex. 60; 38 Tex.Jur. 233; Mc-Comic v. Scrinopskie, Tex.Civ.App., 76 S. W.2d 539. All of the property except some of the cattle which he had sold held by Whatley under the replevy bond was still in his possession at the time of the entry of the order. The suit was still pending after the order was entered requiring Whatley to return the cattle to King.

■ The order entered by the trial court did not attempt to dispose of all of the issues in the case. A court should never try a case by piecemeal. Until the court has fully determined all of the issues in this case and a final judgment is entered thereon, Whatley is entitled to possession of the personal property held by him under the replevy bond. It is true that this court held, in effect, that Whatley had no title to the personal property but we did not enter a judgment carrying into effect our holding. We reversed and remanded to the trial court for a new trial this phase of the case, together with the disposition of the $5,000 of Whatley's money which King had in his possession as a result of their transaction.

The judgment is reversed and the cause remanded.