Raymond DAVILA, Appellant,

v.

The CALLER TIMES PUBLISHING COMPANY, Appellee.

No. 13311.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 18, 1957.

---

Carlos Castillon, Ed. Idar, Jr., Laredo, for appellant.

Kleberg, Mobley, Lockett & Weil, Corpus Christi, for appellee.

W. O. MURRAY, Chief Justice.

The Caller Times Publishing Company, appellee in the above entitled and numbered cause, has filed a motion to dismiss the appeal because the record was not filed in this Court within the twenty-day period provided for by Rule 385, Texas Rules of Civil Procedure.

Raymond Davila instituted this suit in the 111th District Court of Webb County against The Caller Times Publishing Company of Corpus Christi, Nueces County, Texas, seeking to recover damages for an alleged libel of himself by defendant. The defendant filed a plea of privilege to be sued in Nueces County, and a hearing was had on October 11, 1957, when the plea of privilege was sustained by the court. On October 15, 1957, the trial court signed and filed an order sustaining the plea of privilege and ordering the cause transferred to Nueces County. The record was not filed here until November 18, 1957, which was more than twenty days after the rendition of judgment, and came too late under the provisions of Rule 306a and Rule 385, T.R.C.P.

However, the record shows that on October 25, 1957, the trial court made and filed another order in the case, reading as follows:

"On this the 25th day of October, 1957, came Carlos Castillon, one of the attorneys for plaintiff in the above styled cause, and informed the court that the papers in this cause hereto-

fore filed in the District Clerk's office of Laredo, Webb County, Texas, had been transferred to the District Court Clerk in Corpus Christi, Nueces County, Texas, and that it is necessary for plaintiff to exercise his right to appeal the order of this court sustaining defendant's plea of privilege, that said papers be returned to the District Court Clerk of Laredo, Webb County, Texas; and

"This court being of the opinion that proper notice of appeal was given by plaintiff at the time said order sustaining defendant's plea of privilege was rendered by this court; and,

"That the time to file said appeal has not expired and therefore this court still retains jurisdiction of said cause; and

"That the District Clerk of Webb County, Texas, acted prematurely in transferring said cause to Nueces County, Texas;

"It is therefore ordered that the District Clerk of Nueces County, Texas, return all the papers in this cause transferred to him by the Clerk of Webb County, Texas, and that such return be made forthwith.

"/s/ E. D. Salinas
"Judge

"Filed Oct. 25, 1957"

On October 30, 1957, the court entered another order in the cause in which order he set aside his order of October 15, 1957, and made a new order, against sustaining appellee's plea of privilege and again ordering the cause transferred to Nueces County. The new order differed from the order of October 15 in two particulars.

In the second paragraph of the latter order appears the following, which does not appear in the first order, to-wit:

"And on this the 30th. day of October, 1957, the Court having been apprised of circumstances peculiarly pertaining to this case which cause an undue hardship in the preparation

of an appeal by plaintiff if such order is not set aside and amended in the following particulars, said order is hereby set aside and the following amended order is hereby made the judgment of the Court:"

In the third paragraph of the latter order appears the following, which does not appear in the first order, to-wit:

"The Court having found that the defendant is a newspaper of general circulation; that it made one defamatory publication of and concerning the plaintiff, in this, that his name was used to identify a person by federal and state officers killed while in possession of marihuana; that the published article, including plaintiff's name, was distributed to defendant through an Associated Press dispatch and originated from the Department of Public Safety of the State of Texas; that said publication involved an honest mistake or oversight on the part of defendant; that there was no malice on the part of defendant; that such publication of and concerning the plaintiff was false; and that the publication was made for general information as matter of public concern; and the court being of the opinion that such publication is privileged and therefore not actionable, * * *."

The first addition to the original order shows that the reason for making it was that peculiar circumstances caused an undue hardship upon plaintiff in preparing his appeal, and the second addition is nothing more than findings of fact and conclusions of law by the court which were not in the original order.

The effect of the two orders is exactly the same, each sustains the plea of privilege and orders the cause transferred to Nueces County. The second order does provide that the first order is set aside.

It is apparent from the record that the trial court felt that due to peculiar circumstances the plaintiff below was entitled to have an enlargement of time for preparing the record and filing it in this Court, and that in order to do this he set aside his first order and entered the second one.

■ It has been definitely held that a trial court cannot enlarge the time for perfecting an appeal by the simple device of entering a second judgment, where he does not set aside his first judgment. Whatley v. King, Tex.Civ.App., 245 S.W. 2d 337; 339, reversed on other grounds, 151 Tex. 220, 249 S.W.2d 57; Bridgman v. Moore, 143 Tex. 250, 183 S.W.2d 705; Mullins v. Thomas, 136 Tex. 215, 150 S.W. 2d 83; Cooksey v. Jordan, 104 Tex. 618, 143 S.W. 141; Stolpher v. Bowen Motor Coaches, Tex.Civ.App., 190 S.W.2d 376; Kibby v. Leon, Tex.Civ.App., 241 S.W. 1064; Rule 301, T.R.C.P.; Black on Judgments, Vol. 1, Secs. 304, 380.

Rule 5, T.R.C.P., among other things, provides that:

"* * * it (the trial court) may not enlarge the period for taking * * * an appeal or writ of error from the trial court to any higher court * * *, except as stated in the rules relating thereto."

■ The rule relating to the appeal of plea of privilege cases is Rule 385, T.R. C.P., and that rule gives the power to enlarge the period for perfecting such an appeal to the Court of Civil Appeals. Cocke v. Birr, 142 Tex. 432, 179 S.W.2d 958.

Thus we see that here the trial court was attempting to do indirectly that which Rule 5, T.R.C.P., says he cannot do directly.

■ However, we must view this case from the viewpoint of appellant. The trial court retained jurisdiction over the first order for thirty days, and within that period he set the order completely aside. That ended the effectiveness of the first

order. No appeal could be taken from an order that has been set aside. Appellant had five more days within which he might have perfected his appeal from the first order, which was entirely set aside. If he was to appeal from any order, it was the second one, and he did file his appeal within twenty days after the rendition of the second order.

Appellee's motion to dismiss the appeal is overruled.