**Joel H. McQUADE, Appellant,**

v.

**E. D. SYSTEMS CORPORATION, Appellee.**

**Motion No. 22359.**

Court of Civil Appeals of Texas, Dallas.

June 23, 1978.

Rehearing Denied July 18, 1978.

H. Campbell Zachry, Durant, Mankoff, Davis, Wolens & Francis, Dallas, for appellant.

M. David Bryant, Jr., Hughes, Luce, Hennessy, Smith & Castle, Dallas, for appellee.

AKIN, Justice.

The question presented here is whether an order of the district court, entered prior to judgment on the merits, requiring a defendant to pay up to $15,000 into the court's registry is an appealable order. We hold that it is not because it is interlocutory and does not fall within the ambit of art. 4662 of the Texas Revised Civil Statutes Annotated (Vernon 1952). Accordingly, we deny leave to file an appeal from that order.

E. D. Systems Corporation sued four defendants in the district court for recovery on a promissory note and for damages for fraud. On April 3, 1978, an order directing issuance of a pre-judgment writ of attachment with respect to one of the defendants, McQuade, was entered by the trial judge. Pursuant to that order, a writ of attachment was issued on April 4, 1978. Thereafter, plaintiff sought the assistance of the court by means of a motion for an order in aid of writ of attachment. After a hearing, the court, "in aid of the writ of attachment heretofore issued," made the following order:

> It is ordered that defendant, Joel H. McQuade, be, and the same hereby is, directed to deliver to the Sheriff of Dallas County, Texas, for attachment, on or before May 15, 1978, all cash which is presently in his possession or under his control, up to Fifteen Thousand Dollars ($15,000).

Defendant McQuade now seeks to appeal from the issuance of this order.

Defendant argues that since the order directs him to deliver certain described property to the Sheriff of Dallas County, it is, essentially, a temporary mandatory injunction and, therefore, appealable under art. 4662 and rule 385 of the Texas Rules of Civil Procedure. Article 4662 permits an appeal from the granting or denial of a temporary injunction. Rule 385 prescribes the procedural steps necessary for such an appeal. Our question then is whether the trial court's order here falls within the ambit of art. 4662. To state the question differently, is the order of the trial court, in effect, a temporary mandatory injunction? In support of his contention that the order is a temporary mandatory injunction, defendant cites *Whatley v. King*, 151 Tex. 220, 249 S.W.2d 57 (1952), and *Pilot Engineering Co. v. Robinson*, 470 S.W.2d 311 (Tex.Civ.App.—Waco 1971, no writ).

In *Whatley v. King*, the trial court, upon retrial of a case which had been affirmed in part and reversed and remanded in part by the court of civil appeals, ordered the petitioner to deliver to respondents certain personal property of which petitioner had been in possession by virtue of a writ of sequestration that he had earlier caused to be issued. Petitioner perfected an appeal of this order to the court of civil appeals, but respondents thereafter obtained an order dismissing the appeal on the ground that the trial court's order was not a final judgment and therefore not appealable. On writ of error, the supreme court held that the order was appealable since it was in effect a mandatory injunction "contain[ing] *all the elements of finality* so far as petitioner is concerned." [Emphasis added] 249 S.W.2d at 58. No mention was made of art. 4662 or its predecessor; thus, we do not read *Whatley* so broadly as to make appealable all interlocutory orders of the trial court. Indeed, as we noted in *Bergeron v. Session*, 554 S.W.2d 771, 773 n.2 (Tex.Civ. App.—Dallas 1977, no writ), *Whatley* does not even mention the one final judgment rule. Consequently, *Whatley*, in our view, is limited to an extraordinary situation in which the order is a mandatory injunction that effectively and finally adjudicates the rights of the complaining party. No such extraordinary situation exists here. Indeed, the trial court merely ordered the defendant to pay $15,000 into the court's registry pending a final disposition of the dispute.

Neither do we consider as controlling the Waco Court of Civil Appeals' decision in *Pilot Engineering Co. v. Robinson, supra*, as authority to hold that the order in question is a mandatory injunction. We have previously questioned the efficacy of this decision in *Bergeron v. Session, supra*. In *Pilot Engineering*, the appellee sued a company in which he had a part interest as well as two other owners of the company for an accounting and for damages. Appellee in that case also requested that a receiver be appointed for the company. After a hearing, the trial court denied the request for a receivership, but ordered appellants to place certain cashier's checks in the amount of $10,000 in the registry of the court. The court of civil appeals held that the order was an appealable temporary mandatory injunction, citing only *Whatley*. We now expressly disagree with this holding by the Waco Court of Civil Appeals. In our view, the order requiring payment of the $10,000 cashier's check into the court's registry was an interlocutory order, rather than a final mandatory injunction as the supreme court found in *Whatley*. Thus, we conclude that the reliance upon *Whatley* by that court was misplaced. *Whatley* is apparently grounded on the finding that the order in that case was a final judgment rather than the type of interlocutory order from which an appeal would lie. For this reason, neither *Whatley* or *Pilot Engineering* are conclusive on the question before us. Instead, we adhere to the rationale of our decision in *Bergeron v. Sessions, supra*, in which our Chief Justice made an exhaustive and scholarly discussion of the rules with respect to finality of judgment and the exceptions thereto.

It is apparent to us that the order of the trial court in our case was not a temporary injunction. Such an injunction is permitted only for the purpose of preserving the sub-

ject matter of the controversy as it existed at the time the suit was instituted. *City of Dallas v. Wright*, 120 Tex. 190, 36 S.W.2d 973, 976 (1931); *Watts v. Alto Independent School District*, 537 S.W.2d 776, 778 (Tex. Civ.App.—Tyler 1976, no writ). The order before us purports to be in aid of a writ of attachment previously issued. In its application for a writ of attachment, plaintiff maintained that the writ was necessary to insure that sufficient assets of the defendant were kept in the state for the satisfaction of any judgment plaintiff might obtain in the pending suit. This application is in keeping with the statutory grounds for the issuance of a writ of attachment found in art. 275 of the Texas Revised Civil Statutes Annotated (Vernon 1973). In insuring, by issuance of the writ and the later order, that certain assets not directly involved in the pending litigation were kept in state, the trial court was not acting to preserve the controversy until final determination. Whether the defendant retains any assets for the satisfaction of a possible judgment against him has no bearing on the mootness of the causes of action alleged in the plaintiff's petition. Neither plaintiff's right to recover on a promissory note nor his right to damages for fraud depend upon the existence or location of any particular property of the defendant. We conclude, therefore, that the order is not appealable under art. 4662.

Moreover, we would be loath to hold that the mere fact that the defendant was directed to do a certain thing pending trial makes the court's order a temporary injunction. Such a holding could encompass every conceivable interlocutory order and would allow art. 4662 to vitiate the general rule that only final judgments are appealable. Concern for the preservation of this general rule has led other Texas courts to refuse to characterize interlocutory orders to pay money into court as appealable temporary injunctions. *Furr v. Furr*, 346 S.W.2d 491 (Tex.Civ.App.—Fort Worth 1961, writ ref'd n. r. e.); *Alpha Petroleum Co. v. Dunn*, 60 S.W.2d 469 (Tex.Civ.App.—Galveston 1933, err. dism'd).

The order in question is in aid of a writ ancillary to the main suit, since the attachment will finally be disposed of by the determination of the main suit. *Shiflett v. Associated Oil & Gas Co.*, 412 S.W.2d 705, 706 (Tex.Civ.App.—Houston 1967, no writ). Consequently, the order is interlocutory and is not appealable unless specifically made so by statute. *Henderson v. Shell Oil Co.*, 143 Tex. 142, 182 S.W.2d 994, 995 (1944). Not only is art. 4662 inapplicable, but we are aware of no other statute authorizing an appeal from such an order. Leave is, therefore, denied to file this appeal.

GUITTARD, C. J., not sitting.