Anthony BOWDEN et al., Appellants,

v.

W. H. HUNT et al., Appellees.

No. 22465.

Court of Civil Appeals of Texas,
Dallas.

Aug. 31, 1978.

Michael R. Burkett, Garrett & Burkett,
Fort Worth, for appellants.

Gary E. Smith, Shank, Irwin, Conant,
Williamson & Grevelle, Dallas, for appellees.

GUITTARD, Chief Justice.

Anthony Bowden and Taurus International, a partnership, have attempted to appeal from an order denying a motion to quash certain writs of garnishment. Our clerk has declined to file the appeal on the ground that the order is interlocutory and not appealable. The proposed appellants have filed a "motion to file appeal" with a supporting argument. We conclude that we have no jurisdiction, and, accordingly, we deny the motion.

Movants acknowledge that the order appealed from is interlocutory, and they seek to invoke the procedure for appeals of interlocutory orders prescribed by rule 385, Texas Rules of Civil Procedure. They recognize the well-established rule that interlocutory orders are not appealable unless specifically made so by statute, as held in *Henderson v. Shell Oil Company,* 143 Tex. 142, 182 S.W.2d 994 (1944). They argue, however, that denial of the right to appeal from an order concerning pre-judgment seizure of their funds is a denial of due process in view of the strict requirements imposed on pre-judgment remedies in such cases as *Sniadach v. Family Finance Corp. of Bay View,* 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Mitchell v. W. T. Grant Co.,* 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974); and *North Georgia Finishing, Inc. v. Di-Chem, Inc.,* 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975).

None of these authorities supports movants' contention that due process re-

quires the right to an interlocutory appeal in this situation. That question, however, is not material to our jurisdiction. Whether or not an appeal is required for due process, none is provided by the constitution or statutes of this state. We cannot assume jurisdiction that we do not have for the purpose of remedying a constitutional defect, if there is such a defect, in the statutes concerning garnishment.

■ Movants argue further that a pre-judgment writ of garnishment is appealable because it is in effect a "backhanded temporary injunction" in that the garnishee is required by judicial fiat to freeze funds. Even so, we hold that the order in question is not a temporary injunction within article 4662 of the Texas Revised Civil Statutes (Vernon 1952) on which our jurisdiction in temporary injunction appeals depends.

Under this article, appellate courts have been reluctant to construe interlocutory orders concerning control or disposition of property pending litigation as temporary injunctions for the purpose of appeal. *See Dickson v. Dickson,* 516 S.W.2d 28, 30 (Tex. Civ.App.—Austin 1974, no writ); *Bloomfield Royalty Corp. v. Carco Investments, Inc.,* 435 S.W.2d 178 (Tex.Civ.App.—Houston [14th Dist.] 1968, no writ); *Alpha Petroleum Co. v. Dunn,* 60 S.W.2d 469 (Tex. Civ.App.—Galveston 1933 writ dism'd).[1] This court also has recently refused to consider such an order as an appealable temporary injunction. *McQuade v. E. D. Systems Corp.,* 570 S.W.2d 33 (Tex.Civ.App.—Dallas, 1978). These decisions show that article 4662 cannot be extended so far as to provide an interlocutory appeal from every order of a mandatory or prohibitory nature issued by a court before trial. Garnishment is a statutory remedy separate from the statutes concerning injunctions, and is governed by different procedures. Consequently, we hold that a writ of garnishment issued before judgment is not a temporary injunction from which an appeal will lie under article 4662.

Motion to file appeal denied. ·

1. *But see Whatley v. King,* 151 Tex. 220, 249 S.W.2d 57 (1952); *Pilot Engineering Company*

*v. Robinson,* 470 S.W.2d 311 (Tex.Civ.App.—Waco 1971, no writ).