

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00226-CV

ROBERT EPEGA D/B/A MILLION DOLLAR TRANSPORTATION, LLC, APPELLANT

V.

BRUCKNER TRUCK SALES AND VOLVO FINANCIAL SERVICES, APPELLEES

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 112767-A-CV, Honorable Dee Johnson, Presiding

August 13, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Robert Epega doing business as Million Dollar Transportation, LLC, filed this interlocutory appeal from the trial court's order denying his motion to dissolve a writ of sequestration. We dismiss the appeal for want of jurisdiction.

An appellate court may review only final judgments or interlocutory orders made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998) (per curiam). Since

interlocutory appeals are exceptions to the general rule, the statutes permitting them are strictly construed. *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 841 (Tex. 2007).

The trial court has not entered a final judgment in this case. We have also found no statutory authority permitting an interlocutory appeal from the trial court's order denying "Plaintiff's Amended Motion to Dissolve Pre-Judgment Writ of Sequestration." *See Jackson v. Trustmark Nat'l Bank*, No. 14-07-01082-CV, 2008 Tex. App. LEXIS 874, at *1 (Tex. App.—Houston [14th Dist.] Feb. 7, 2008, no pet.) ("An order denying a motion to dissolve a writ of sequestration is interlocutory and not appealable."); *Morgan v. Univ. Fed. Credit Union*, No. 08-16-00342-CV, 2017 Tex. App. LEXIS 6261, at *1 (Tex. App.—El Paso July 7, 2017, no pet.) (dismissing interlocutory appeal of order granting a writ of sequestration for lack of jurisdiction). This Court specifically held in *Factory Outlet, Inc. v. Southline Equip. Co.,* No. 07-99-00262-CV, 2000 Tex. App. LEXIS 337, at *7 (Tex. App.—Amarillo Jan. 13, 2000, no pet.), that an order denying a motion to dissolve a writ of sequestration is not subject to interlocutory appeal and dismissed for want of jurisdiction.

By letter of July 29, 2025, we notified Epega that it appeared we lacked appellate jurisdiction. In his response, Epega argues that the order is reviewable under Section 51.014(a)(4) of Civil Practice and Remedies Code as a "de facto" temporary injunction. That section permits interlocutory appeal from an order that "grants or refuses a temporary injunction or grants or overrules a motion to dissolve a temporary injunction as provided by Chapter 65." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4).

Texas courts have held that prejudgment orders concerning control or the disposition of property pending litigation are not temporary injunctions. *See Diana Rivera & Assocs., P.C. v. Calvillo*, 986 S.W.2d 795, 798 (Tex. App.—Corpus Christi 1999, pet. denied) (holding that an order to deposit funds into the registry of the court did not constitute a temporary injunction and was not subject to interlocutory appealable.); *Bowden v. Hunt*, 571 S.W.2d 550, 551 (Tex. Civ. App.—Dallas 1978, no writ) ("This court also has recently refused to consider [writs of garnishment] as an appealable temporary injunction.")*; McQuade v. E. D. Sys. Corp.,* 570 S.W.2d 33, 35 (Tex. Civ. App.—Dallas 1978, no writ) ("[W]e would be loath to hold that the mere fact that the defendant was directed to do a certain thing pending trial makes the court's order a temporary injunction. Such a holding could encompass every conceivable interlocutory order and would . . . vitiate the general rule that only final judgments are appealable."). Such prejudgment statutory remedies are separate from the statute concerning injunctions and governed by different procedures. *See Bowden*, 571 S.W.2d at 551. Likewise, Section 51.014(a)(4) specifically applies to temporary injunctions governed by Chapter 65 of the Civil Practice and Remedies Code, whereas writs of sequestration are governed by Chapter 62. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.014(a)(4); 62.001–.063; 65.001–65.045. Strictly construing Section 51.014(a)(4), we hold that an order refusing to dissolve a writ of sequestration is not an order "overrul[ing] a motion to dissolve a temporary injunction as provided by Chapter 65" and, therefore, not subject to interlocutory appeal.

Because there is no final judgment or appealable order presented for review, we dismiss the appeal for want of jurisdiction.[1]  *See* TEX. R. APP. P. 42.3(a).

Per Curiam

---

[1] Epega's pending "Emergency Motion for Stay of Enforcement" is also denied as moot.